**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Corebridge Direct Insurance Services Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-24-03471-PHX-KML<br><br>**ORDER** |

　　　　Based on General Order 18-19, plaintiff Charles H. Landwer requests issuance of a third-party subpoena to obtain his "own Medical Information" from non-party Medical Information Bureau in Massachusetts. (Doc. 34 at 3-4.) The proposed subpoena requests the responsive information "be provided by electronic mail message" to Landwer's email address. (Doc. 34 at 3, 6.)

　　　　Fed. R. Civ. P. 45(c)(2)(A) allows a subpoena to require the production of documents or information "within 100 miles of where" the subpoena recipient "resides, is employed, or regularly transactions business." This means "the place of compliance must be a physical 'place' subject to 'geographical limits' and capable of being measured according to mileage." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017); *see also Crews v. Tanpri Media & Arts Inc.*, No. CV-23-01236-PHX-JJT, 2024 WL 1977708, at *1 (D. Ariz. Apr. 25, 2024) ("Plaintiff's proposed subpoenas do not list 'a place' where the documents or electronically stored information shall be produced, but rather an e-mail address."). Because the subpoena does not identify an appropriate location

for Medical Information Bureau to produce the requested information, Landwer's motion is denied.

Accordingly,

**IT IS ORDERED** the Motion for Issuance of Subpoena Duces Tecum (Doc. 34) is **DENIED**.

Dated this 17th day of June, 2025.

*Honorable Krissa M. Lanham*
United States District Judge