**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H Landwer, | No. CV-24-03471-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Corebridge Direct Insurance Services Incorporated, et al., | |
| Defendants. | |

The court ordered the parties to file a notice of readiness for trial no later than seven days after the dispositive motion deadline of August 29, 2025. (Doc. 19 at 8.) The parties failed to do so. On September 10, 2025, the court ordered plaintiff to file a notice of trial readiness no later than September 17, 2025. (Doc. 41.) The court warned plaintiff that failure to do so would result in the dismissal of this case for failure to prosecute. (Doc. 41.) Plaintiff did not file a notice by the deadline, and it has now been more than three months since plaintiff filed anything.

Plaintiff appears to have abandoned this case and has now failed to comply with two orders. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order," the court must consider five factors. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) The first three of those factors support dismissal. That is, the public's interest in expeditious resolution of resolution, the court's need to manage its docket, and the risk of prejudice to defendant support dismissal. *Id.* The fourth factor looks to the availability of less drastic sanctions. *Id.* at 643. Plaintiff's refusal to participate

in any form means the only available less drastic sanction than dismissal is to dismiss this case without prejudice. And the fifth factor regarding the public policy favoring disposition on the merits weighs (as always) against dismissal, but that is not enough to outweigh the other factors—particularly in light of Plaintiff's failure to participate, which means the case cannot be resolved on the merits. On balance, the factors establish a dismissal without prejudice is appropriate.

Accordingly,

**IT IS ORDERED** plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

Dated this 21st day of October, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge